[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
This appeal comes to us from the Sandusky County Court of Common Pleas. There, following a jury trial, appellant was convicted and sentenced for extortion. Because we conclude that appellant was not denied the effective assistance of counsel and that there was sufficient evidence to support the jury's verdict, we affirm appellant's conviction. However, because the trial court failed to make manifest the required findings necessary to sentence a defendant to the maximum period allowed, we vacate appellant's sentence and remand the matter for re-sentencing.
On January 2, 1998, an anonymous caller telephoned a sixteen year old Fremont high school girl while she was home alone. The call began with a tape-recorded scream. The caller then threatened the girl and requested that she perform various sexual acts while she was on the telephone with him. The caller then ordered the girl to place certain articles of her underwear along with a picture of herself in a paper bag and deliver the bag to a location on a Fremont street. The girl complied, but contacted police immediately after making the delivery.
Police, investigating this and similar complaints, uncovered information leading to appellant, Randall J. Evans. They searched appellant's apartment, pursuant to a warrant, and found, among other things, the victim's picture, underwear and an audiotape of the January 2 call.
Appellant was charged, in a single count indictment, with violating R.C. 2905.11(A)(2), extortion. Appellant entered a not guilty plea and the matter proceeded to trial at which the state only called two witnesses: the victim, who testified to the fear engendered by the threat she received over the telephone, and the investigating officer who identified the physical evidence and appellant's voice on the tape. Appellant did not cross-examine either of these witnesses or present any of his own witnesses. Instead, appellant argued to the jury that the state had failed to prove that the items delivered to him were not "any valuable thing[s]" as required by R.C. 2905.11. Absent that element, the defense contended that appellant was guilty of nothing more than aggravated menacing, a first degree misdemeanor.
The jury found appellant guilty as charged and the trial court sentenced appellant to five years imprisonment — the maximum possible sentence for a third-degree felony.
Appellant now appeals, setting forth the following three assignments of error:
 "I THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S FAILURE TO MOVE TO SUPPRESS EVIDENCE SEIZED IN THE SEARCH OF DEFENDANT'S APARTMENT, FAILURE TO CROSS EXAMINE THE STATE'S TWO WITNESSES, AND FAILURE TO OBJECT TO THE ADMISSIBILITY OF STATE'S EXHIBIT 4; AND THAT HIS COUNSEL'S REPRESENTATION FAILED TO MEET AN OBJECTIVE STANDARD OF REASONABLE REPRESENTATION WITH A RESULT OF PREJUDICE IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.
 "II THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT WHEN IT DENIED HIS RULE 29 MOTION TO DISMISS SINCE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION, AND SINCE THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "III THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING THE DEFENDANT TO THE MAXIMUM PRISON TERM, WHEN IT FAILED TO MAKE A FINDING OF ITS REASONS FOR SAID SENTENCE, WHICH WAS INCONSISTENT WITH THE SENTENCING GUIDELINES OF REVISED CODE SECTION 2929.12, THUS PREJUDICING THE DEFENDANT THEREBY, WHO MAY APPEAL SAID SENTENCE AS A MATTER OF RIGHT UNDER REVISED CODE SECTION 2953.08(A)(1)(a)."
 I.
In his first assignment of error, appellant complains that his trial counsel was ineffective because he did not move to suppress the evidence found at appellant's apartment, did not cross-examine any witness and failed to object to the admissibility of the January 2 tape recording.
 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord State v. Smith (1985), 17 Ohio St.3d 98, 100.
Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith,supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v.Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v. Lott
(1990), 51 Ohio St.3d 160, for Ohio's adoption of theStrickland test.
In this matter, appellant has not suggested why the items discovered in his apartment should be suppressed. His complaint about the admissibility of the tape recording is that only an edited version (which omitted the most salacious parts of the call) was played for the jury. This version was admitted by stipulation and, compared to the full tape, only served appellant's interests.
With respect to trial counsel's failure to cross-examine witnesses or present a defense, we look upon that failure as a trial tactic. The trial strategy employed was to attack a specific element of the crime. Defense counsel argued that the underwear and picture appellant obtained by threat from the victim was of de minimus value and, therefore, was not a "valuable thing" as required by R.C. 2905.11(A). With this theory of the case, counsel's refraining from cross-examining witnesses or presenting any other defense may be considered a trial strategy and therefore presumed effective.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
In his second assignment of error, appellant claims that the trial court erred in denying his Crim.R. 29 motion for acquittal as the evidence submitted was insufficient as a matter of law and the verdict was against the manifest weight of the evidence.
In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged.Id. at 386-387. Specifically, whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt.Id. at 390 (Cook, J. concurring); State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; State v. Barns (1986), 25 Ohio St.3d 203.
As to the sufficiency of the evidence argument, appellant maintains that the victim's picture and underwear did not constitute "valuable thing[s]." Therefore, according to appellant, the state failed to satisfy an element of R.C.2905.11.
In material part R.C. 2905.11 provides:
 "(A) No person, with purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act, shall do any of the following:
"* * *
"(2) Threaten to commit any offense of violence;
"* * *
 "(B) Whoever violates this section is guilty of extortion, a felony of the third degree.
 "(C) As used in this section, `threat' includes a direct threat and a threat by innuendo."
R.C. 1.03 defines the phrase "any thing of value", a variation of a "valuable thing", inter alia as "money * * * [g]oods and chattels * * * [and] [e]very other thing of value." In the context of R.C. 2905.11, the phrase has been interpreted to mean, "* * * things or benefits that have a monetary value * * *." State v. Stone (Mar. 26, 1992), Washington App. No. 90CA23, unreported. We note that undergarments cost money and, therefore, have a monetary value. Accordingly, the "valuable thing" element of the crime was satisfied and the evidence was sufficient to sustain a conviction.
With respect to appellant's assertion that the verdict was against the manifest weight of the evidence, we have carefully considered the complete record and find there is nothing to indicate that the jury lost its way in reaching its verdict. Accordingly, appellant's second assignment of error is not well-taken.
 III.
Appellant, in his remaining assignment of error, attacks the trial court's decision to impose upon him the maximum sentence allowable under the law. Appellant suggests that the trial court failed to make statutorily mandated findings to support this sentence and that the sentence itself is inconsistent with the sentencing statute.
 "R.C. 2929.11 defines the overarching policy considerations underlying felony sentencing in this state. The statute specifically states that,
 "`the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. * * *
 "`A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct * * *.'
 "R.C. 2929.12 makes clear that, unless a prison term is statutorily mandated, the implementation of the principles set forth in R.C. 2929.11 rests in the sound discretion of the court. The statute also sets forth a number of factors which the court is directed to consider in the exercise of that discretion. R.C. 2929.12(B)-(E)." State v. Cooks (1997), 125 Ohio App.3d 116, 118.[1]
R.C. 2929.13(C) makes no provision favoring or disfavoring imprisonment for one convicted of a third degree felony more than to direct the sentencing court to comply with the purposes and principles articulated in R.C. 2929.11 and the considerations enumerated in R.C. 2929.12.
R.C. 2929.14(A) defines the terms of imprisonment available for imposition. The available term of imprisonment for a third degree felony is, "* * * one, two, three, four, or five years." R.C. 2929.14(A)(3). The statute also limits the court's sentencing discretion in certain circumstances. For instance, R.C. 2929.14(B) requires that,
 "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
On the other end of the scale, a court may impose the longest term authorized,
 "* * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders."
R.C. 2929.14(C).
We have read R.C. 2929.14(B) and (C) in pari materia. In doing so, we have previously concluded that the imposition of either more than a minimum sentence to one first imprisoned or the imposition of the maximum authorized sentence requires that the sentencing court make manifest the requisite antecedent determinations "on the record." State v. Lugo (Sept. 18, 1998), Huron App. No. H-97-045, unreported.
 "While the preferred practice for appellate review is to include the findings * * * in a written sentencing judgment entry, such findings may be written or orally made on the record so long as they are expressly made." Id.
In this matter, although appellant received the maximum sentence authorized, there is no mention whatsoever in the trial court's sentencing entry of any statutory sentencing consideration, nor is there any express finding that appellant's offense was the worst form or that he posed "* * * the greatest likelihood of committing future crimes." Moreover, appellant failed to enter into the record a transcript of his sentencing hearing.
Ordinarily, in the absence of an essential transcript, a reviewing court must presume the regularity of the proceedings and affirm the trial court's judgment. State v.Nichols (1997), 122 Ohio App.3d 631, 634, citing Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. However, it is important to note that the trial court in these circumstances has a statutory duty to make its findings "on the record." It is axiomatic that a court speaks only through its journal. State v. King (1994), 70 Ohio St.3d 158, 162.
In the interest of efficiency, we have until now permitted courts to make the statutory sentencing findings either in writing or orally during the sentencing hearing. State v.Lugo, supra; accord State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported. In fact, when there has been a discrepancy between the court's oral pronouncements at the hearing and its sentencing entry, we have remanded the matter to the court to reconcile the differences.State v. King (Feb. 27, 1998), Wood App. No. WD-97-015, unreported.
Now, we need to clarify what is expected. As a sentencing court has a statutory obligation to make its sentencing considerations and findings "on the record" and the court speaks only through its journal, a sentencing entry totally devoid of any reference to the statutory considerations is insufficient to satisfy the requirements that these determinations be made manifest.
In saying this, we note that these recitals need not be extensive, as we will look to the sentencing colloquy in reviewing the actual analysis employed. We look for no magic words in this entry. It is sufficient if the court in its written entry references the statutory considerations as stated at the sentencing hearing and, with respect to R.C. 2929.14(C), that it concludes the offense was of the worst form or the offender poses a greatest likelihood of violating the law in the future or other appropriate language which expresses the statutorily antecedent findings.
In the present case, the trial court's sentencing order makes no reference whatsoever to any considerations or findings. Accordingly, to the extent that appellant complains that the entry is deficient, his third assignment of error is well-taken. As we must vacate that order and remand the case, we decline to reach the propriety of the sentence itself. That portion of appellant's assignment of error is not ripe for consideration.
On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed with respect to appellant's conviction, but the sentence imposed is reversed and vacated. This matter is remanded to the trial court for proceedings consistent with this opinion. Costs to appellee.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.
[1] R.C. 2929.12 provides in material part:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."