The STATE of Ohio, Appellee,

v.

COOKS, Appellant.

[Cite as *State v. Cooks* (1997), 125 Ohio App.3d 116.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–97–026.

Decided Dec. 31, 1997.

*John E. Meyers*, Sandusky County Prosecuting Attorney, and *Ronald J. Mayle*, Assistant Prosecuting Attorney, for appellee.

*Jon M. Ickes*, for appellant.

SHERCK, Judge.

This appeal involves a sentence imposed by the Sandusky County Court of Common Pleas in a felony case. For the purposes of sentencing determination, we conclude that an order placing a defendant on probation under Ohio's prior sentencing scheme is the equivalent of a "community control sanction" under its current plan. Therefore, we affirm appellant's sentence.

As part of a plea agreement, appellant, Michael L. Cooks, pled guilty to attempted perjury, a fourth-degree felony. At sentencing, the trial court determined that appellant was already on probation when he attempted to perjure himself. Additionally, the court, pursuant to R.C. 2929.11(B), concluded that if appellant was not sentenced to prison, then the seriousness of appellant's conduct would be demeaned. Accordingly, the court proceeded to sentence appellant to a seven-month term of incarceration.

Appellant now appeals that sentence, setting forth the following single assignment of error:

"The Trial Court erred in sentencing the Defendant/Appellant to a seven (7) month prison term where the Court did not make a specific finding of any of the factors enumerated in Sections 2929.13(B)(1)(a) through 2929.13(B)(1)(h) of the Ohio Revised Code."

At issue here is the construction of statutes enacted by the General Assembly in its sweeping reform of Ohio's criminal sentencing procedures. See 1995 Am.Sub.S.B. No. 2 and 1996 Am.Sub.S.B. No. 269. R.C. 2929.11 defines the overarching policy considerations underlying felony sentencing in this state. The statute specifically states:

"(A) * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. * * *

"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct * * *."

R.C. 2929.12 makes clear that, unless a prison term is statutorily mandated, the implementation of the principles set forth in R.C. 2929.11 rests in the sound discretion of the court. The statute also sets forth a number of factors which the court is directed to consider in the exercise of that discretion. R.C. 2929.12(B) through (E).

R.C. 2929.13 provides that offenders sentenced for fourth- or fifth-degree felonies, absent exceptions not relevant here, should ordinarily not be sentenced to prison unless the court finds present one of the aggravating factors enumerated in R.C. 2929.13(B)(1) and, "after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction."

The R.C. 2929.13(B)(1) factors are as follows:

"(a) In committing the offense, the offender caused physical harm to a person.

"(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

"(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

"(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

"(e) The offender committed the offense for hire or as part of an organized criminal activity.

"(f) The offense is a sex offense that is a fourth or fifth degree felony violation of [certain specific statutes].

"(g) The offender previously served a prison term.

"(h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction."

If the court fails to find any of the (B)(1) factors and, "after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."

Appellant argues that the trial court's finding that he was on probation at the time of his offense is not one of the factors listed in R.C. 2929.13(B)(1). Therefore, appellant asserts that the trial court abused its discretion in sentencing him to prison. This argument fails for two independent reasons.

■■ First, we hold that probation under the former statutory scheme is the equivalent of a community control sanction under the new sentencing plan. Compare R.C. 2929.15 with former R.C. 2951.02, 1995 Sub.H.B. No. 167, 146 Ohio Laws, Part II, 2278. Both provide for supervised release in lieu of incarceration. Consequently, appellant committed his most recent offense while under a sanction pursuant to R.C. 2929.13(B)(1)(h).

■ Second, a finding of one of the R.C. 2929.13(B)(1) factors is not solely determinative of whether a defendant is to be imprisoned or subject to community control sanctions. R.C. 2929.13(B)(2)(a) and (B)(2)(b) form a stasis. The

balance for or against imprisonment may be tipped one way or another by an R.C. 2929.12(B)(1) finding, but such a finding is not dispositive. The sentencing court must still exercise its discretion after considering the R.C. 2929.12 factors to determine whether the purposes and principles articulated in R.C. 2929.11 are served by the sentence imposed. On appeal, the conclusion of the sentencing court will not be disturbed absent an abuse of that discretion. An abuse of discretion is more than an error of law or of judgment; the term connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Long* (1978), 53 Ohio St.2d 91, 98, 7 O.O.3d 178, 181–182, 372 N.E.2d 804, 808–809.

In this matter, we note that the sentencing court's order is considered and well reasoned. There is no indication that the court abused its discretion when it fashioned the order. Accordingly, appellant's sole assignment of error is found not well taken.

The judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellant.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., and GLASSER, J., concur.