OPINION
Defendant-Appellant, Jerry Ames ("Appellant"), appeals his sentence for a violation of R.C. 2919.21(A)(2), non-support of dependents. For the following reasons, we affirm the decision of the trial court.
The pertinent facts of the case are as follows. Appellant was indicted on two counts of non-support of dependents — the first count in violation of R.C. 2919.21(A)(2), and the second count in violation of R.C. 2919.21(B). Each violation is a felony of the fifth degree.
On September 14, 1998, upon consulting with his court-appointed counsel, Appellant entered into a written negotiated plea agreement. Pursuant to the plea agreement, Appellant pleaded guilty to the first count alleged in the indictment. Thereupon, the State agreed to dismiss the second count as set forth in the indictment. The trial court accepted Appellant's guilty plea, found him guilty, and referred the matter for a presentence investigation.
At the sentencing hearing of November 12, 1998, the State recommended to the trial court that Appellant be placed on community control sanctions, with the specific condition that Appellant pay child support. Appellant was then given the opportunity to present mitigating evidence to the trial court.
At the conclusion of the sentencing hearing, the trial court sentenced Appellant to a term of twelve months in prison.[1]
Appellant now appeals, setting forth the following sole assignment of error.
 ASSIGNMENT OF ERROR
The trial court committed error to the substantial prejudice of Appellant when it imposed the longest term of imprisonment (12 months) due to its failure to properly follow criteria outlined in Ohio Revised Code Section 2929.13 and 2929.14, and also in failing to properly follow procedure mandated by Ohio Revised Code Section2929.19(B).
Appellant asserts in his sole assignment of error that the trial court erred in sentencing Appellant to a twelve month term of imprisonment. Specifically, Appellant asserts that the trial court erred by (1) sentencing him to a term of imprisonment rather than community control, and (2) imposing the maximum sentence for the stated offense. For the following reasons, we disagree.
We first note that pursuant to R.C. 2953.08(G)(1)(b), an appellate court may modify, vacate, or remand a sentence to the trial court when it finds by clear and convincing that the trial court did not make a finding under R.C. 2929.13(B)(1) and either (1) the procedures for imposing a prison term under R.C.2929.13(B) were not followed, or (2) the appropriate procedures were followed, but the outcome lacked a sufficient basis. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v.Massengale (1991), 58 Ohio St.3d 121, 122.
In the present case, Appellant pleaded guilty to a charge of non-support of dependents — a violation of R.C. 2919.21(A)(2) and a felony of the fifth degree. See R.C. 2919.21(G)(1). A trial court may impose a term of imprisonment of six to twelve months for a felony of the fifth degree. See R.C. 2929.14(A)(5).
Pursuant to Senate Bill 2, a prison term may be imposed in two ways. If the court makes a finding that at least one factor enumerated in R.C. 2929.13(B)(1) is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C.2929.13(B)(2)(a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C.2929.12. If the trial court finds after this review that (1) a prison term is consistent with the purposes and principles of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a).
A prison term may also be imposed when the trial court does not make a finding that at least one factor under R.C.2929.13(B)(1) is applicable to the offender. In this situation, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing in the individual case by considering, once again, the factors enumerated in R.C. 2929.12. R.C. 2929.13(B)(2)(b). If appropriate under the circumstances, the trial court is required to impose a community control sanction or a combination of community control sanctions upon the offender. If not, the trial court retains its broad discretion to fashion a sentence consistent with R.C. 2929.11(A). R.C. 2929.13(A).
A term of imprisonment must be "reasonably calculated" to achieve the overriding purposes of sentencing pursuant to R.C. Chapter 2929. The sentence must also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). If the offender has not previously served a prison term, the court is required to impose the minimum sentence "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
In the case sub judice, the trial court first determined that at least one of the factors enumerated in R.C. 2929.13(B)(1) was applicable to the present case. Specifically, the trial court found that at the time of the offense, Appellant had been on unsupervised probation in Auglaize County since May of 1995. Therefore, the trial court found that R.C. 2929.13(B)(1)(h) applied to the present case.
Appellant, however, contends that an offense committed while on unsupervised probation is not one of the enumerated factors listed in R.C. 2929.13(B)(1). We realize that R.C.2929.13(B)(1)(h) specifically refers to offenses committed while under "community control sanctions." We find, however, that "probation" under the former statutory scheme is the equivalent of a "community control sanction" under the new sentencing procedures. See, e.g., State v. Cooks (1997), 125 Ohio App.3d 116,119. A comparison of R.C. 2951.02 with R.C. 2929.15 reveals that both provide for supervised release in lieu of incarceration.Id. For this reason, we find that pursuant to R.C.2929.13(B)(1)(h), Appellant committed the offense while under a community control sanction.
Upon determining that at least one of the factors enumerated in R.C. 2929.13(B)(1) was applicable to the present case, the trial court properly considered the seriousness and recidivism of the offense pursuant to R.C. 2929.12. The trial court also found that a term of imprisonment was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11(A), and that Appellant was not amenable to community control sanctions. Therefore, we find that the trial court followed the correct statutory procedure in sentencing Appellant to a term of imprisonment.
The trial court also imposed upon Appellant the maximum available sentence for a felony of the fifth degree. See R.C.2929.14(A)(5). The longest term authorized under 2929.14(A) may only be imposed "* * * upon offenders who committed the worst form of the offense * * *." R.C. 2929.14(C). A trial court is also required to give its reasons for imposing the longest term. R.C. 2929.19(B)(2)(d) and (e).
In the present case, during the sentencing hearing, the trial court found that "[Appellant] committed the worst form of the offense." Therefore, the trial court properly followed the statutory prerequisites of R.C. 2929.14(C). We also find that the term of imprisonment was reasonably calculated to achieve the overriding purposes of sentencing, and that the sentence is commensurate with the offender's conduct and its impact upon the victim, and is also consistent with sentences imposed for similar crimes committed by similar offenders. For the reasons aforementioned, we find that Appellant's sentence was proper in every respect.
Accordingly, Appellant's assignment of error is overruled.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] Specifically, Appellant was sentenced to a term of twelve months in prison, less ninety-four days of time already served. Appellant was also ordered to pay child support restitution in the amount of $17,187.43.