DECISION AND JUDGMENT ENTRY
This is an appeal from a sentence imposed by the Ottawa County Court of Common Pleas in an aggravated vehicular assault case.
On May 21, 1997, appellant, Michael A. Sager, became enraged when he was unable to cash his paycheck at a Genoa, Ohio, bank. Witnesses reported that appellant drove out of the bank lot at a high rate of speed, squealing his tires, and barely missing another motorist. The motorist, according to a witness, pulled to the side of the road to avoid a collision. Minutes later, appellant ran a stop sign and struck a car driven by Elwood Lau. Appellant, Lau and Lau's daughter, Sandra Szydka, were seriously injured in the collision. Some months later, Elwood Lau died from his injuries. Sandra Szydka today remains in a vegetative state as the result of her injuries.
Appellant was charged with aggravated vehicular homicide and involuntary manslaughter for Lau's death. An additional charge of aggravated vehicular assault relating to Sandra Szydka's injury was filed. As a result of a plea agreement, appellant eventually pled guilty to the vehicular assault charge while the state dismissed the other two counts.
A presentence investigation was made and a sentencing hearing was held. The court found that the victim "suffered permanent catastrophic injuries" and that appellant "caused the death of another" while exhibiting extreme reckless behavior known as "Road Rage." The court also found that appellant's four speeding convictions in three years represented a "propensity for speeding" and an "extreme disregard for traffic laws." The court concluded, after weighing the statutory factors, that imprisonment is consistent with the purposes and principals of sentencing, appellant is not amenable to available community sanctions, and the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. On these conclusions, the court sentenced appellant to fifteen months imprisonment.
Appellant now appeals his sentence, complaining that the record does not support the court's sentencing findings.
Pursuant to 6th Dist.Loc.App.R. 12, we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant directs our attention to the discretionary authority given us in R.C. 2953.08(G) to, "* * * increase, reduce, or otherwise modify" an appealed sentence if we find clearly and convincingly that the sentence is unsupported by the record, contrary to law, improperly fails to impose imprisonment in a first or second degree felony, or improperly imposed imprisonment for a fourth or fifth degree felony. Specifically, appellant argues that the imposition of a term of imprisonment for this fourth degree felony is contrary to law because the evidence does not support the court's "recidivism" finding and its conclusion that appellant is not amenable to community control.
As we noted in State v. Cooks (1997), 125 Ohio App.3d 116,119-120, the ultimate determination of whether to impose a term of imprisonment for any offense rests in the sound discretion of the court and will not be reversed absent an abuse of that discretion. The statutes provide the court with a procedural structure for its consideration. Here, appellant does not complain that the sentencing court's procedural considerations were defective, only its conclusion which, according to appellant, was based upon two erroneous findings.
With respect to the "recidivist" finding, the court had before it appellant's driving record. Between March 1994 and the fatal crash in May 1997, appellant had four speeding violations in addition to a conviction for driving on a closed road. It is obvious to us that the penalties imposed upon appellant for traffic offenses failed to impact on his driving. If those punishments had, the tragic consequences which brought him to this point might have been avoided. Therefore, we cannot say that the trial court's finding that appellant is a likely recidivist is erroneous.
With respect to appellant's amenability to community sanctions, nowhere in the sentencing statute is there a statutory definition of what is meant by "amenable to community sanctions". In common usage "amenable" means "liable to be brought to account: answerable * * *" Miriam Webster's Collegiate Dictionary (10th Ed. 1996), 36. By this definition, the trial court found that community control sanctions were insufficient to bring appellant to account for the "Road Rage" that resulted in the death of one person and the permanent incapacity of another. On review, we can only concur with that determination.
Accordingly, appellant's single assignment of error is found not well-taken. Judgment of the Ottawa County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.