DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following the entry of a guilty plea to aggravated burglary and to attempted abduction, sentenced appellant, Perry Helms, to consecutive terms of incarceration. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"Assignment of Error
 "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON APPELLANT WITHOUT MAKING THE FINDINGS MANDATED BY R.C. 2929.14(E)."
The following facts are relevant to this appeal. On May 10, 1999, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and one count of kidnaping in violation of R.C. 2905.01(A)(2). The aggravated burglary charge resulted from appellant's forced entry into the victim's home with an admitted intent to steal items from the home. The count of kidnaping resulted from appellant not allowing the victim to leave when she wanted to, telling the victim that he had a gun on his person; the fact that appellant did have a razor blade in his pants pocket; and, the victim's being unable to move from her home for approximately two hours. After appellant fell asleep, the victim ran from her home to a neighbor's house where the police were called; the police found appellant asleep in the victim's bed.
On June 21, 1999, appellant withdrew his previously entered not guilty plea and pled guilty to one count of aggravated burglary and one count of attempted abduction, a lesser offense of the kidnaping count. On July 15, 1999, the trial court sentenced appellant to a term of nine years incarceration on count one and to a term of seventeen months on count two. The court ordered the sentences to be served consecutively. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that the trial court erred in imposing consecutive sentences upon him without making the findings mandated by R.C. 2929.14(E).[1]
This court finds no merit in this assignment of error.
As this court has previously stated in State v. Cooks
(1997), 125 Ohio App.3d 116, 118:
 "* * * R.C. 2929.11 defines the overarching policy considerations underlying felony sentencing in this state. The statute specifically states:
 "`(A) * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. * * *
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct * * *.'
 "R.C. 2929.12 makes clear that, unless a prison term is statutorily mandated, the implementation of the principles set forth in R.C. 2929.11 rest in the sound discretion of the court. The statute also sets forth a number of factors which the court is directed to consider in the exercise of that discretion. R.C. 2929.12(B)-(E)."
A court's discretionary decisions will not be reversed on appeal absent an abuse of discretion. The term "abuse of discretion" denotes more than an error in law or of judgment, but that the court's attitude is arbitrary, unreasonable or unconscionable.State v. Long (1978), 53 Ohio St.2d 91, 98.
At the sentencing hearing, the trial court specifically noted that the victim of the offense suffered serious psychological and economic harm as a result of the offense and that the offender's relationship with the victim facilitated the offense. Both factors statutorily weighed in favor of a conclusion that the offense was more serious than normal. R.C.2929.12(B)(2) and (3). The court also found that appellant's history of criminal convictions indicated that recidivism was more likely. See R.C. 2929.12(D). Consequently, the record reflects that the court considered the necessary factors and acted within its discretion when it chose imprisonment for appellant.
R.C. 2929.14(E)(4) governs the imposition of consecutive sentences. When imposing consecutive terms, R.C. 2929.19(B) (2)(c) and (d) require that the court make the necessary findings and give oral or written reasons for selecting the sentences imposed. State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329. The court in Edmonson ratified the practice that supporting rationale may be either oral or written. Id. at 327-329.
In the case sub judice, at the sentencing hearing, the trial court specifically noted that the sentences be served consecutively to fulfill the purposes of R.C. 2929.11 and that the consecutive sentences were not disproportionate to the seriousness of appellant's conduct or the danger that appellant posed. The trial court noted that great harm was caused by appellant's conduct in reference to both offenses. The trial court also noted that appellant's criminal history required consecutive sentences.
In its judgment entry, the court stated that the shortest sentence would, "* * * demean the seriousness of the offense AND [sic] will not adequately protect the public * * *." Additionally, the court stated that consecutive sentences were "necessary to fulfill the purposes of R.C. 2929.11" and not disproportionate to the seriousness of appellant's conduct or the danger appellant posed. The court also stated that the harm caused was great or unusual.
Upon review, the trial court's sentencing hearing statements and the judgment entry are sufficient to satisfy the requirements of R.C. 2929.19(B)(2). This court finds that the trial court did not abuse its discretion in its sentencing of appellant.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
Peter M. Handwork, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.
[1] R.C. 2929.14(E)(4) provides:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple
 offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from
 future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."