DECISION AND JUDGMENT ENTRY
This is an appeal from a Sandusky County Court of Common Pleas decision that found that appellant had violated the terms of his probation. The trial court's decision is affirmed for the reasons that follow.
On September 2, 1999, appellant pled no contest to one count of discharging a firearm upon or over a public road or highway, in violation of R.C. 3773.211. On that same date, he was found guilty and sentenced to ninety days in jail, with sixty of those days suspended, given a $500 fine and placed on probation for thirty-six months. As a condition of his probation, appellant's hunting privileges were suspended for three years. On September 30, 1999, after appellant filed a memorandum in opposition, the court reinstated appellant's hunting privileges.
Thereafter, on January 4, 2000, Thomas Wright, a probation officer with the Sandusky County Adult Probation Department, filed a notice of probation violation charging that appellant fired two shots out of the driver's side of his vehicle on County Road 298. A hearing was held on April 6, 2000. At that hearing, the following relevant evidence was presented.
First, Thomas Wright, appellant's probation officer, testified that he notified appellant of the rules of probation, including the requirement that he be a good citizen and obey all the rules and regulations. He also testified to filing a probation violation notice alleging that appellant violated the rule requiring him to be a good citizen and obey all the rules and regulations.
Brad Downing testified that on December 1, 1999, he was hunting by County Road 298. According to his testimony, he was sitting in a ditch about one hundred to one hundred fifty yards from County Road 298, when he saw appellant sitting by the side of the road in his vehicle. Eventually appellant started driving slowly down the road and, just as a deer crossed the road near appellant's car, Downing heard two shots come from appellant's vehicle and saw, through the passenger window of appellant's car, a barrel of a gun sticking out of appellant's driver's side window. Downing could not remember whether the passenger window was up or down or tinted; however, he stated that he had a clear view through it. Downing estimated that he was approximately three hundred yards away from appellant's vehicle when he heard the shots. After appellant allegedly shot at the deer, Downing testified that he drove his vehicle through a field to where Downing and his friends were standing. At that time, Downing told appellant that it was illegal to hunt from a vehicle and appellant responded by stating that he did not shoot. After cross-examination, the judge asked Downing a few questions. In response to the judge's query as to how Downing knew that the shots came from appellant's vehicle, Downing stated that, due to his prior experience with guns, and his knowledge of the distance from the car and the wind conditions, plus witnessing the gun barrel sticking out of the window, he was "almost 100 percent sure" that the shots came from appellant's vehicle. He also stated that the shots could not have come from another shotgun in the area.
Mark Alley, a friend of appellant, testified that he was the person who had fired the shots that Downing attributed to appellant. According to Alley's testimony, on the date in question appellant had dropped him off in the area in question to do some hunting. As he was walking through a thicket, he saw a deer coming into the thicket from the road and he took two shots at it. At the time he shot at the deer, Alley did not know where appellant was located. He did not have a view of appellant or his truck. He also testified that appellant did not have a gun with him that day.
Lastly, appellant testified. He testified that his truck windows are tinted so that it is difficult to see through the truck from any distance away. He also testified that he went back to the scene and measured the distance from where Downing had been sitting to where his truck was on the road. According to his measurements, the distance was 1,947 feet. Further, he testified that he had not fired a gun from his vehicle and, in fact, did not have a gun in his truck at the time in question. On April 13, 2000, a decision and judgment entry was filed finding appellant had violated his probation by firing two shots from his vehicle across County Road 298. The court therefore reinstated the hunting privilege ban and ordered appellant to serve thirty more days in the county jail (which left thirty additional days from the original judgment still suspended). His probation period was also extended until April 13, 2003. Appellant timely appealed, raising the following assignments of error:
 "1. IT WAS AN ERROR OF LAW AND ABUSE OF DISCRETION FOR THE TRIAL COURT TO REVOKE THE APPELLANT'S PROBATION WHEN THE ORIGINAL SENTENCING ENTRY NEVER CITED THE STATUTE NOR THE CRIME TO WHICH THE DEFENDANT WAS SENTENCED.
 "2. IT WAS AN ABUSE OF DISCRETION AND AGAINST THE WEIGHT OF THE EVIDENCE FOR THE COURT TO FIND THAT THE APPELLANT VIOLATED THE TERMS OF HIS PROBATION.
 "3. THE TRIAL COURT LACKED LEGAL AUTHORITY TO SUSPEND THE APPELLANT'S HUNTING LICENSE FOR A CONVICTION OF 3773.211 OF THE OHIO REVISED CODE.
 "4. IT WAS AN ERROR OF LAW AND ABUSE OF DISCRETION AND A VIOLATION OF DOUBLE JEOPARDY FOR THE COURT TO ADD PENALTIES TO APPELLANT'S ORIGINAL SENTENCE DUE TO AN ALLEGED PROBATION VIOLATION."
In his first assignment of error, appellant argues that his initial conviction was void as the judgment entry did not cite the crime or the statute for which appellant was found guilty. Crim.R. 32(C) requires that a judgment of conviction contain the plea, the verdict or findings, and the sentence. Also see, State v. Ginocchio (1987), 38 Ohio App.3d 105, syllabus. The trial court's judgment entry complies with Crim.R. 32(C). Further, appellant was only charged with one count of violating R.C.3773.211 and he pled no contest to that single charge. Therefore, he was aware of which statute he was convicted of violating. Accordingly, we find appellant's first assignment of error not well-taken.
Appellant argues in his second assignment of error that the court's finding of a probation violation was against the manifest weight of the evidence. In a probation revocation proceeding, the prosecution must present substantial evidence that appellant violated the terms of his probation. State v. Hylton (1991), 75 Ohio App.3d 778, 782; State v.Cowles (June 16, 1995), Fulton App. No. F-94-029, unreported. In addition, the appellate court will not reverse the trial court's decision to revoke probation absent an abuse of discretion. State v. Bland (Feb. 21, 1997), Huron App. No. H-96-031, unreported. A finding of an abuse of discretion requires more than an error of law or judgment, but that the trial court's ruling was arbitrary, unreasonable or unconscionable.State v. Cooks (1997), 125 Ohio App.3d 116, 120.
In the present case, we believe the testimony of Downing was substantial evidence that appellant had violated his probation. Although there was conflicting testimony presented, the trial court is best able to observe the witnesses and to make determinations of credibility and we will not substitute our decision for that of the trial court. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Accordingly, the second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that the trial court did not have authority to suspend appellant's hunting license. In support of this assignment of error, appellant argues that the circumstances outlined in R.C. 1533.68, under which a court can suspend a hunting license, are not applicable in the present case.
First, we note that the trial court did not suspend appellant's hunting license. It merely stated that appellant could not hunt for three yearsas a condition of probation. Pursuant to R.C. 2951.02, a trial court has broad discretion in setting conditions of probation. State v. Jones
(1990), 49 Ohio St.3d 51, 52. This discretion, however, is not limitless. Id. In order to determine whether a condition of probation to satisfy the requirements of R.C. 2951.02, the court should consider whether the condition "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Jones, at 52. We believe the condition at issue meets this test. Appellant has twice discharged a firearm over a highway. Although the record does not contain the circumstances under which appellant discharged his firearm resulting in the initial conviction, this second time, resulting in the probation violation, occurred while appellant was hunting. Therefore, the hunting ban is related to the crime committed and to appellant's possible future criminality. The trial court was within its discretion in banning hunting as a means of rehabilitating appellant. Accordingly, appellant's third assignment of error is found not well-taken.
In his fourth and final assignment of error, appellant argues that the trial court abused its discretion and violated his right against double jeopardy by adding the additional penalty of the suspension of his hunting privileges to his sentence as a result of his probation violation when he had already served time in jail. Initially, we note that the cases cited by appellant are inapposite as they deal with additional penalties. This was not an additional penalty, this was merely an additional term of probation. The trial court is permitted to impose new conditions of probation on a defendant in the context of a probation revocation proceeding. See, e.g., State v. Justice (Dec. 3, 1998), Fairfield App. No. 98CA00038, unreported; State v. Parsons (Nov. 15, 1996), Greene App. No. 96 CA 20, unreported. Accordingly, we find appellant's fourth assignment of error not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs are assessed to appellant.
James R. Sherck, J., George M. Glasser, J. CONCUR.
 ____________________________ Richard W. Knepper, J.
JUDGE
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.