DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of conviction and sentence entered by the Sandusky County Court of Common Pleas after defendant-appellant, Adam P. Blackert, pled guilty to one count of robbery in violation of R.C. 2911.02(A)(3), a third degree felony. Appellant raises the following assignment of error:
 "IT IS PLAIN ERROR, AND A DENIAL OF DUE PROCESS, FOR A TRIAL COURT TO SENTENCE A DEFENDANT UPON UNSUBSTANTIATED PRESUMPTIONS THAT WERE NEITHER PLEAD [SIC] TO OR PROVEN IN A COURT OF LAW."
On July 21, 2000, appellant was indicted and charged with one count of aggravated robbery following the June 9, 2000 armed robbery of a convenience store in Sandusky County, Ohio. Initially, appellant pled not guilty to the charge; however, on September 18, 2000, appellant withdrew his plea of not guilty and entered a plea of guilty to the lesser offense of robbery. Prior to accepting the plea, the trial court informed appellant of the maximum sentence he was facing and of the constitutional rights he would be waiving. The court also ascertained that no threats or promises had been made in exchange for the plea.
Subsequently, on October 18, 2000, the parties appeared in court for sentencing. The court indicated that it had read the presentence investigation ("PSI") report and then permitted appellant's attorney to make a statement. Trial counsel indicated that he believed that appellant had a "serious and substantial" substance abuse problem and felt that appellant should be sentenced to a term at a treatment facility to deal with his addictions. Appellant also stated that he wished to receive treatment. The court then made the following comments:
 "You know, with regard to the Defendant's drug problem, substance abuse problem, which I don't deny, I do find it telling that in the pre-sentence report the examiner asked him why he never completed any programs by TASC. His answer was `There was no reason to go to TASC.' Well, there was a reason to go to TASC. He was told to go to TASC, because, presumably, he had told the juvenile people the same thing he's told us, that he started using marijuana at Stamm School and he was using it every day and drinking every day and all of that. So there was a reason to go to TASC.
 "Now looking at his juvenile record, we've got March of '97, theft. He was given thirty days at JDC, the Juvenile Detention Center, which at that point was stayed. This was his first offense. That undoubtedly was an appropriate sentence. They put him in a diversion program, some probation for, it looks like it would be about five of six months.
 "September of '97 there was a burglary. * * *. [A]t that point he got six months commitment time, sixty days to serve in JDC and he was on probation.
"* * *.
 "I don't know whether it's a lack of maturity or a feeling `the law doesn't apply to me', or what, but it clearly shows this young man doesn't think the rules apply to him.
 "You know, in this whole scenario, no matter whose story you believe, but it somehow happened that this young man and the other two young men somehow get together in an afternoon, probably sitting around drinking beer, and they decide they're going to rob a place. I mean it's like something out of the movies. I don't know where they got the idea where they thought it was okay, but it was like this is no different than going down to the corner store and buying a Coke.
 "As a result of that, a 76 year old lady, who likes to help in her son or grandson's store, whichever it is, is frightened out of her life. She's never going to do it again. This is a situation where the Sheriff's office was called. It was a red light and siren thing, going to the scene of the crime. There could have been accidents because of them doing that. If — I'm sure the call that came in was that the robbery involved a gun. If they had gotten there sooner there could have been a situation where there was gunfire because they see a young man reach for his belt and the story is `He's got a gun', you or somebody else could end up dead. I'm sorry, this is a serious offense, and the Court takes it seriously."
Thereafter, the trial court sentenced appellant to a three-year prison term citing, in support, appellant's criminal record and seriousness of the offense. Appellant then filed the instant appeal.
In his sole assignment of error, appellant contends that the trial court denied him of his due process rights by erroneously presuming that appellant had been drinking on the date of the robbery and, based upon such presumption, sentenced him more harshly.
At the outset we note that appellant's sentence will not be reversed absent an abuse of discretion. State v. Cooks (1997), 125 Ohio App.3d 116,120. Abuse of discretion requires more than an error of law or judgment, but a finding that the trial court's order was arbitrary, unreasonable or unconscionable. Id.
Pursuant to R.C. 2929.14(B), an offender should be sentenced to the shortest prison term possible unless the trial court finds on the record that the shortest prison term will demean the seriousness of the offense or that such a term "will not adequately protect the public from future crime by the offender or others."
In this case, the trial court made the requisite findings under R.C.2929.14(B). As noted by the state, appellant and his attorney stressed the fact that appellant has a serious drug and alcohol problem. The court acknowledged that appellant, despite requesting he be sent to a treatment facility in lieu of prison, rejected such treatment in the past. Regarding the court's reference to probable alcohol consumption on the date of the robbery, the PSI report states, in part: "The Defendant stated that both Henkel and himself had been drinking beer prior to the robbery." Accordingly, the record supports the findings made by the court and, thus, the court did not abuse its discretion in sentencing appellant. Appellant's assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and Mark L. Pietrykowski, P.J. CONCUR.