DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Frank Richardson, entered a plea of no contest to charges of rape and gross sexual imposition.
Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. Counsel for appellant asserts that after having reviewed the entire record on appeal, she can find no arguable issues to be raised on appeal. Counsel for appellant has, however, consistent with Anders, set forth the following potential assignments of error:
"ISSUE ONE
 WHETHER THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE REPRESENTATION BY COMPETENT COUNSEL.
"ISSUE TWO
 WHETHER THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH OHIO CRIMINAL RULE 11.
"ISSUE THREE
 WHETHER THE TRIAL COURT ABUSED ITS' DISCRETION, WHEN SENTENCING DEFENDANT.
"ISSUE FOUR
 WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT-APPELLANT TO BE A SEXUALLY ORIENTED OFFENDER."
 Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
On June 17, 1999, appellant was indicted and charged with five counts of rape and one count of gross sexual imposition. The charges arose from allegations by appellant's eleven year old daughter that she had been molested by appellant since she was four years old. Appellant's daughter reported that appellant's conduct included vaginal intercourse and fellatio.
On January 13, 2000, appellant entered pleas of no contest to one count of rape in violation of R.C. 2907.02(A)(1)(b) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The court accepted appellant's pleas and found him guilty of those charges. In exchange for appellant's plea, the state agreed to a nolle prosequi of four additional charges of rape. The court then referred the matter to the Lucas County Adult Probation Department for a presentence investigation report and recommendation and to the Court Diagnostic and Treatment Center for a sexual offender classification evaluation. After receiving those reports, the court called the matter for sentencing. The court ordered appellant to serve a term of four years imprisonment on the rape conviction and four years imprisonment on the gross sexual imposition conviction, with the sentences to be served consecutively. The court further found appellant to be a sexually oriented offender and notified him of all registration duties pursuant to R.C. 2950.03. Finally, the court entered a nolle prosequi as to the remaining four counts of rape.
We will first address the second potential assignment of error in which appellant questions whether the trial court strictly complied with Crim.R. 11 in accepting his no contest plea.
Crim.R. 11(C)(2) provides:
 "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
Before accepting a no contest plea, a trial court must substantially comply with the dictates of Crim.R. 11(C). State v. Nero (1990),56 Ohio St.3d 106, 108, citing State v. Stewart (1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
Having reviewed the transcript of the plea hearing, we find that the trial court substantially complied with Crim.R. 11(C) in accepting appellant's plea. Upon questioning appellant, the court ascertained that appellant was not under the influence of drugs or alcohol at the time of the plea and that he understands the English language. The court then explained the nature of the charges against appellant, the maximum prison terms he could receive on each charge and that the prison terms could be ordered to be served consecutively. Appellant stated that he understood those charges and terms. The court further explained that upon appellant's release from prison, he would be subjected to a term of five years post release control and that if appellant violated the terms of that post release control he could be returned to prison.
The court then informed appellant that he had the right to a trial by jury, to confront and cross-examine any witnesses against him, and to compulsory process for obtaining his own witnesses. Continuing, the court notified appellant that if the case had been tried, the state would have been required to prove his guilt beyond a reasonable doubt and that he could not have been compelled to testify against himself. Appellant indicated that he understood these rights and understood that he was waiving them by entering a no contest plea.
The court further obtained from appellant assurances that no threats or promises had been made to him in return for the plea.
Based upon the foregoing, we must conclude that the trial court substantially complied with Crim.R. 11(C) in accepting appellant's no contest plea and, therefore, the plea was knowing, intelligent and voluntary. The second potential assignment of error is not well-taken.
In his first potential assignment of error, appellant questions whether he was denied the effective assistance of counsel during the proceedings below.
Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v.Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, citing Strickland. When, however, a defendant enters a guilty or no contest plea, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel, unless the conduct complained of is shown to have prevented the defendant from making a knowing and voluntary plea. State v. Barnett (1991),73 Ohio App.3d 244, 248-249.
Appellant has not identified any specific conduct which he claims may arguably support a claim of ineffective assistance of counsel. Nevertheless, we have reviewed the entire record of the proceedings below and can find no evidence that trial counsel's performance fell below an objective standard of reasonable representation. In particular, we note that because appellant had been charged with five counts of rape and one count of gross sexual imposition, he was facing a maximum possible prison sentence of fifty-five years. By entering the no contest plea, appellant reduced his exposure to fifteen years imprisonment. Nothing before this court leads us to conclude that appellant's plea was anything but knowing and voluntary. Accordingly, the first potential assignment of error is not well-taken.
In his third potential assignment of error, appellant questions whether the trial court abused its discretion in sentencing appellant as it did.
Appellant was sentenced to four years imprisonment on the rape conviction and four years imprisonment on the gross sexual imposition conviction, neither sentence being the maximum possible term. The sentences were, however, ordered to be served consecutively.
The overriding purposes of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11(B).
Pursuant to R.C. 2929.12(A), the trial court has discretion in determining the most effective way to comply with the principles and purposes of sentencing set forth in R.C. 2929.11. Accordingly, an appellant's sentence will not be reversed on appeal absent an abuse of that discretion. State v. Cooks (1997), 125 Ohio App.3d 116, 120. In exercising its discretion, however, a trial court must consider the factors enumerated in R.C. 2929.12(B) and (C), which relate to the seriousness of the offender's conduct, and the factors enumerated in R.C. 2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes.
In addition to the above, R.C. 2929.14(B) mandates that for a first-time offender, the trial court must impose the shortest prison term possible unless it finds on the record that the shortest prison term will demean the seriousness of the offense or that such a term "will not adequately protect the public from future crime by the offender or others." Finally, the court's discretion to impose the maximum sentence is limited by R.C. 2929.14(C) which permits imposition of a maximum sentence only upon "offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *."
Before imposing consecutive sentences for multiple offenses, the trial court must find:
 "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
In its judgment entry of sentence and at the sentencing hearing below, the trial court, consistent with R.C. 2929.19(B) and the statutes set forth above, stated that it had considered the record, oral statements, the victim impact statements, the presentence investigation report and the report prepared by the Court Diagnostic and Treatment Center, as well as the principles and purposes of sentencing under R.C. 2929.11, and had balanced the seriousness and recidivism factors under R.C. 2929.12. The court then expressly found that the shortest prison term possible would demean the seriousness of the offenses and would not adequately protect the public from future harm by appellant. Accordingly, the court sentenced appellant to four years incarceration on the rape conviction and four years incarceration on the gross sexual imposition conviction and ordered that the sentences be served consecutively. In support of its order of consecutive sentences, the court found that such was not disproportionate to the seriousness of the appellant's conduct or the danger that he poses and further found that the harm caused was great or unusual.
Upon consideration of the foregoing, we must conclude that the trial court did not err in sentencing appellant as it did and the third potential assignment of error is not well-taken.
In his fourth potential assignment of error, appellant questions whether that trial court erred in finding him to be a sexually oriented offender.
A sexually oriented offender is a person who has committed a "sexually oriented offense," as defined by R.C. 2950.01(D), and who does not meet the definition of either a habitual sex offender or a sexual predator.State v. Cook (1998), 83 Ohio St.3d 404, 407. R.C. 2950.01(D) provides in relevant part:
"`Sexually oriented offense' means any of the following:
 "(1) Regardless of the age of the victim of the offense, a violation of section 2907.02, 2907.03, or 2907.05 of the Revised Code[.]"
Appellant was convicted of rape, in violation of R.C. 2907.02, and gross sexual imposition, in violation of R.C. 2907.05. Accordingly, he was convicted of committing two sexually oriented offenses and is, as a matter of law, a sexually oriented offender. State v. Redden (Mar. 19, 1999), Lucas App. No. L-98-1087, unreported. As such, we cannot find that the trial court erred in finding appellant to be a sexually oriented offender, and the fourth potential assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, P.J.
Peter M. Handwork, J. and Richard W. Knepper, J. CONCUR.