DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, David S. Broadway, appeals the judgment of the Lucas County Court of Common Pleas. He was indicted for theft from an elderly person, a violation of R.C. 2913.02(A)(3), (B)(3), a felony of the fourth degree. He withdrew his initial plea of not guilty and entered a plea of no contest to a lesser charge of theft from an elderly person, a violation of R.C. 2913.02(A)(1), (B)(3) and a felony of the fifth degree.
 {¶ 2} The bill of particulars stated the relevant facts: *Page 2 
 {¶ 3} "Specifically, [appellant] on said date and time did agree to cut down one tree branch that was hanging over the home of [the victim]. The [appellant] did cut off a tree branch from a different tree that was marked for removal by the City of Toledo, and did charge her four thousand dollars ($4,000)."
 {¶ 4} At sentencing, the trial court found appellant not amenable to community control and imposed a term of 11 months incarceration. He was ordered to pay restitution in the amount of $4,000, and was charged the costs of supervision, confinement, appointed counsel, and prosecution.
 {¶ 5} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. The United States Supreme Court held in Anders that if counsel, following a conscientious examination of his case, finds the case to be wholly frivolous, he should advise the court of such finding and request permission to withdraw. Id. at 744; see also, State v. Duncan (1978),57 Ohio App.2d 93. Along with the request to withdraw, counsel must submit a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also provide a copy of the brief to his client, and must do so within such time as would allow the client the opportunity to raise any matters he chooses. Id. Once these requirements have been satisfied, the appellate court must conduct a full examination of the proceedings to determine whether the appeal is, in fact, wholly frivolous. Id. If the appellate court finds in the affirmative, it may grant counsel's request to withdraw and may dismiss the appeal without violating federal requirements, or it may proceed to a decision on the merits if state law so requires. Id. *Page 3 
On the other hand, if the appellate court finds any legal point to be arguable on its merits, the court must afford the indigent the assistance of counsel to argue the appeal. Id.
 {¶ 6} Because appellant's counsel has satisfied the Anders
requirements, we proceed to an examination of the record below in order to determine whether this appeal is, as appellant's counsel represents, entirely frivolous. Appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw.
 {¶ 7} Appellant's counsel has proposed two assignments of error for review:
 {¶ 8} "The appellant-defendant did not fully understand the waiver of his rights and the nature of his plea.
 {¶ 9} "The trial court erred in finding appellant not amenable to community control and sentencing him to a term of confinement."
 {¶ 10} First, appellant's appellate counsel notes that appellant may argue that that he did not make a knowing and voluntary waiver of his rights when he entered a plea of no contest. Crim.R. 11(C) requires a trial court, upon the submission of a no contest plea to a felony charge, to personally address the defendant and do each of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 4 
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2).
 {¶ 14} "Although strict compliance with Crim.R. 11 is preferred, a reviewing court will consider a plea to be knowing, intelligent, and voluntary so long as the trial judge substantially complies with Crim.R. 11. State v. Nero (1990), 56 Ohio St.3d 106, 108. `Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.' Id." State v. McQueeney, 148 Ohio App.3d 606,2002-Ohio-3731, ¶ 24.
 {¶ 15} Appellate counsel was unable to find any error in the trial court's compliance with Crim.R. 11. Upon review of the trial court's colloquy with appellant, we find that it substantially complied with Crim.R. 11. This proposed assignment of error is without merit.
 {¶ 16} Next, appellate counsel proposes error in the trial court's failure to impose community control in lieu of a prison term. "R.C.2929.12 makes clear that, unless a *Page 5 
prison term is statutorily mandated, the implementation of the principles set forth in R.C. 2929.11 rests in the sound discretion of the court. The statute also sets forth a number of factors which the court is directed to consider in the exercise of that discretion. R.C.2929.12(B) through (E).
 {¶ 17} "R.C. 2929.13 provides that offenders sentenced for fourth-or fifth-degree felonies * * * should ordinarily not be sentenced to prison unless the court finds present one of the aggravating factors enumerated in R.C. 2929.13(B)(1) and, `after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction.'" State v.Cooks (1997), 125 Ohio App.3d 116, 118.
 {¶ 18} At sentencing, the trial court found that, as an adult, appellant has been convicted of six felonies and four misdemeanors. He had previously received community control and had served a term of seven years incarceration. These facts are proper considerations pursuant to R.C. 2929.13(B)(1)(g). Since being released from incarceration in 2004, appellant has been convicted of drug abuse and domestic violence. In its judgment entry, the trial court noted that it considered the principles and purposes of sentencing pursuant to R.C. 2929.11, and balanced the seriousness and recidivism factors of R.C. 2929.12. The trial court did not abuse its discretion by finding appellant not amenable to community control in lieu of incarceration. The term is within the *Page 6 
statutory range for a felony of the fifth degree. R.C. 2929.14(A)(5);State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 19} On the basis of the foregoing, we conclude that the appellant's sentence of 11 months incarceration was imposed pursuant to and in accordance with the principles and purposes of sentencing, and was, therefore, appropriate. The amount of restitution ordered was the loss the victim suffered, and we find no error in the determination that appellant can be reasonably expected to pay the associated costs ordered. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present in this case concerning appellant's sentence.
 {¶ 20} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR. *Page 1