DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas' judgment of conviction and imposition of sentence of appellant, Jeremy Bush, following pleas of guilty to one count of felonious assault, a violation of R.C. 2903.11(A)(1), and one count of kidnapping, a violation of R.C. 2905.01(A)(2).
Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. Appellant's counsel asserts that after reviewing the transcripts in the proceeding and relevant case and statutory law, she can find no arguable issues for appellate review. Appellant's counsel further states that she mailed a copy of the brief and motion to appellant and, pursuant toAnders, informed him that he had a right to file his own brief. Appellant did not file a pro se brief or otherwise respond to counsel's request to withdraw.
Counsel for appellant, consistent with Anders, has set forth the following potential assignments of error:
"ISSUE ONE
 "WHETHER THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE REPRESENTATION BY COMPETENT COUNSEL.
"ISSUE TWO
 "WHETHER THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH OHIO CRIMINAL RULE 11.
"ISSUE THREE
 "WHETHER THE TRIAL COURT ABUSED ITS' [SIC] DISCRETION, WHEN SENTENCING DEFENDANT."
At the outset, this court notes that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine that the appeal is frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Anders at 744.
The first potential assignment of error raises the issue of whether appellant was denied effective assistance of counsel.
Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v.Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, following Strickland.
In Ohio, a properly licensed attorney is presumed competent, and the burden is on the appellant to show counsel's ineffectiveness. State v.Lytle (1976), 48 Ohio St.2d 391, 397; State v. Hamblin (1988),37 Ohio St.3d 153, 155-156. Debatable trial tactics generally do not constitute ineffectiveness. State v. Phillips (1995), 74 Ohio St.3d 72,85, citing State v. Clayton (1980), 62 Ohio St.2d 45, 49.
Appellant does not present this court with an argument in support of a claim of ineffective assistance of counsel; rather, appellant's counsel quotes a portion of the plea hearing which provides:
 "THE COURT: Have you had sufficient time to talk to your lawyer concerning the evidence the State would have presented against you?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Have you told your lawyer your side of each of these charges?
"THE DEFENDANT: Yes, ma'am.
"THE COURT: Are you satisfied with your lawyer's advice?
"THE DEFENDANT: Yes, ma'am.
"THE COURT: Do you believe she's represented you well?
"THE DEFENDANT: Yes, ma'am."
When a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors unless such errors are shown to have prevented the defendant from making a knowing and voluntary plea. Statev. Barnett (1991), 73 Ohio App.3d 244, 248. It follows that the tender of a guilty plea waives the right of the defendant to claim that he was denied constitutionally effective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. Id. at 249.
Upon review of the entire record of the proceedings and the law, we can find no evidence that trial counsel's performance fell below and objective standard or reasonableness in that it prevented appellant's plea from being knowing and voluntary. Accordingly, appellant's first potential assignment of error is not well-taken.
Appellant's next potential assignment of error questions whether the trial court strictly complied with the mandates of Crim.R. 11. Crim.R. 11(C) applies to pleas of guilty and no contest in felony cases. Crim.R. 11(C), provides in pertinent part:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
Before accepting a plea, a trial court must substantially comply with the requirements of Crim.R. 11(C). State v. Nero (1990), 56 Ohio St.3d 106,108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 92-93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
This court has carefully reviewed the transcript of the plea proceedings herein. The record reflects that the trial court determined that appellant could read, write and understand English. The court determined that appellant was not under the influence of drugs or alcohol. The court then thoroughly explained the nature of the charges and the maximum prison term to which appellant could be sentenced. The court also explained that a presumption existed that appellant would be sentenced to a prison term; however, if the presumption were rebutted, appellant could be placed on community control.
The trial court then informed appellant of the constitutional rights he would be waiving by entering a guilty plea. Such rights included the right to a trial by jury, the right to confront and cross-examine accusers, the right to remain silent and the fact that the state would be required to prove his guilt beyond a reasonable doubt. The court further explained the limiting effect of a guilty plea on appeal issues.
It was also determined that appellant was not threatened or promised anything in return for his pleas, other than the nolle prosequi of Count I, aggravated robbery. Appellant also indicated that he believed that entering the pleas was in his best interests.
Based upon the foregoing, we find that the trial court complied with the requirements of Crim.R. 11(C); therefore, we further find that appellant understood the nature of the pleas and entered them knowingly and voluntarily. Accordingly, appellant's second potential assignment of error is not well-taken.
Appellant's final potential assignment of error is whether the trial court abused its discretion when it sentenced appellant. Appellant was sentenced to an eight year prison term for felonious assault, the maximum sentence. R.C. 2929.14(A)(2). For the kidnapping charge, appellant was sentenced to nine years imprisonment, the maximum sentence is ten years. R.C. 2929.14(A)(1). The court ordered that the sentences be served consecutively.
The overriding purposes of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11(B).
Pursuant to R.C. 2929.12(A), the trial court has discretion in determining the most effective way to comply with the principles and purposes of sentencing set forth in R.C. 2929.11. In so doing, however, the court must consider the factors enumerated in R.C. 2929.12(B) and (C) which relate to the seriousness of the offender's conduct, and the factors enumerated in R.C. 2929.12(D) and (E) which relate to the likelihood that the offender will commit future crimes.
In addition to the above, R.C. 2929.14(B) mandates that for a first-time offender, the trial court must impose the shortest prison term possible unless it finds on the record that the shortest prison term will demean the seriousness of the offense or that such a term "will not adequately protect the public from future crime by the offender or others." Finally, the court's discretion to impose the maximum sentence is limited by R.C. 2929.14(C) which permits imposition of a maximum sentence only upon "offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
Before imposing consecutive sentences for multiple offenses, the trial court must find:
 "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offenders' conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
On appeal, appellant's sentence will not be reversed absent an abuse of discretion. State v. Cooks (1997), 125 Ohio App.3d 116, 120. Abuse of discretion requires more than an error of law or judgment, but a finding that the trial court's order was arbitrary, unreasonable or unconscionable. Id.
In its judgment entry, the trial court stated that it had "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." The court then specifically found that the shortest prison term would demean the seriousness of the offense and not adequately protect the public. The court then found that as to the felonious assault conviction, appellant had committed the worst form of the offense and imposed the maximum sentence. Further, imposing consecutive sentences, the court found that appellant was under community control when the offense was committed and that the harm caused was great or unusual.
At the sentencing hearing, as required by R.C. 2929.19(B), the trial court gave its reasons for its findings as follows:
 "The court finds that you were alert, that it was not an issue of dealing with a lack of medication, but a clear insight as to what you did, and your attempts to minimize the offense. Frankly, short of the homicides that this Court sees, I've not seen a victim who was so savagely beaten and in a very pervasive, sadistic way."
The court further found that appellant had a criminal history and did not display any true remorse for his actions.
The court then stated that appellant had committed the worst form of the offense (felonious assault) and imposed the maximum prison term. Finally, imposing consecutive sentences, the court noted that at the time the offenses were committed, appellant was under community control and that the harm caused was great and unusual.
Upon careful review of the judgment entry and sentencing hearing, we find that the trial court did not abuse its discretion when it sentenced appellant. Accordingly, appellant's third potential assignment of error is not well-taken.
Upon our independent review of the record, we find no other meritorious grounds for appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 ________________________ Peter M. Handwork, JUDGE
James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.